**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ophir Corporation, | No. CV-17-02083-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Honeywell International Incorporated, | |
| Defendant. | |
| Honeywell International Incorporated | |
| Counter-Claimant, | |
| v. | |
| Ophir Corporation | |
| Counter-Defendant. | |

Pending before the Court is the Application for Temporary Restraining Order and Preliminary Injunction of Plaintiff/Counterdefendant Ophir Corporation. (Doc. 133). For the following reasons, the Court denies the motion.

## BACKGROUND

Ophir is in the business of designing laser-based radar systems for airplanes. In 2013, Ophir and Defendant/Counterclaimant Honeywell International began discussing a potential partnership, and as a result, signed a nondisclosure agreement ("NDA").[1] The NDA prohibited Honeywell from disclosing Ophir's confidential information without

---

[1] A second NDA was signed in 2016 with substantially similar language.

prior written consent and it prohibited Honeywell from using the confidential information to reverse engineer or manufacture products similar to those of Ophir. (Doc. 122, Ex. B). The definition of confidential information excluded information that is already publically known through no fault of Honeywell's. *Id*. Ophir asserts that its design, and the combination of features, is unique, confidential, and proprietary information that Honeywell has now disclosed, in violation of the NDA. Ophir requests that the Court enter an injunction prohibiting Honeywell from making further disclosures of Ophir's confidential information

**DISCUSSION**

**I.     Legal Standard**

A plaintiff must establish four elements in order to be granted a preliminary injunction, including "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat't Res. Def. Council,* 555 U.S. 7, 22 (2008), *see* FED. R. CIV. P. 65. The Ninth Circuit considers all of the elements except for irreparable injury using a sliding scale approach, where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The element of irreparable injury is not subject to balance; the moving party must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 23 (emphasis in original). Therefore, should the moving party demonstrate a very high likelihood of injury, the likelihood of success on the merits may be relaxed. In such cases, an injunction may be granted when "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Wild Rockies*, 632 F.3d at 1134–35 (quoting *The Lands Council v. McNair*, 57 F.3d 981, 987 (9th Cir. 2008)).

**II.    Analysis**

Ophir has not met its burden. Ophir's application and the declarations of Ophir

personnel identify a number of design features that Ophir claims are confidential. (Doc. 134). Ophir identified four features of the transceiver in its laser-based radar system that are designed to increase data accuracy and decrease drag on the airplane.[2] Ophir also has designs that help protect the eye safety of those who may be exposed to planes using laser-based radar. Specifically, Ophir identified two methods of limiting the lasers which could be triggered by three possible switches. Ophir's application discussed only the individual features of the design that were allegedly confidential. Honeywell's Response (Doc. 142) focused on identifying existing patents or scientific literature that publically shares the individual features of Ophir's design. Ophir's Reply, however, asserts that the combination of features is what is confidential and proprietary. (Doc. 159). The Court does not consider new arguments that are raised in reply briefs. Honeywell has not had an adequate chance to respond to the argument that it is the combination of features that is confidential.

Even if the Court did consider the combination argument, Ophir has not met its burden of proof. Although the Court recognizes the difficulty of proving the negative, Ophir has not made a showing that a combination of these design features does not already exist in the public domain. Similarly, Ophir has not discussed what precise combination of features is confidential. Honeywell's Response demonstrates that there are existing patents that have a combination of some of the same features as Ophir's products have. (Doc. 145). U.S. Patent No. 7,106,447 ("the Hays patent"), for example, contains at least three of the four design features that Ophir uses in its transceiver design. (Doc. 145, Ex. F). U.S. Patent No. 13/478,025 ("the Dakin patent") also contains at least two of the four design features used in Ophir's transceiver. *Id.* at Ex. G. An article by M.J. Verbeek and H.W. Jentink discusses a design that contains at least two of Ophir's transceiver's features and one of Ophir's eye-safety features. *Id.* at Ex. C. Further, Ophir

---

[2] The Court uses vague language to protect any alleged confidential information of Ophir's. All of the briefing in this motion was filed under seal, and while the Court will not seal its Order, the Court will endeavor to keep any potential confidential information out of the Order.

has not made a showing that Honeywell representatives were informed that the confidential and proprietary information was the combination.

## CONCLUSION

In an application for a temporary restraining order or a preliminary injunction, the moving party has the burden of establishing the required elements. Ophir has not met that burden. The Court denies the motion.

**IT IS THEREFORE ORDERED** that the Application for Temporary Restraining Order or Preliminary Injunction of Plaintiff/Counterdefendant Ophir is **DENIED**.

Dated this 15th day of May, 2018.

_____
Honorable G. Murray Snow
United States District Judge